IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1918.

---

JOHN J. McMAHON, RELATOR, v. FREDERICK RIKER, COUNTY COLLECTOR; THE BOARD OF FREEHOLDERS OF THE COUNTY OF HUDSON ET AL., RESPONDENTS.

Argued February 21, 1918—Decided July 8, 1918.

1. To determine whether an amendment or a supplement to an existing statute violates constitutional provisions, it is not to be examined as an independent enactment, but is to be considered in connection with, and as a part of, the statute upon which it is engrafted; and if it does not operate to render the statute, in its altered form, unconstitutional, it is valid legislation.
2. The amendment of 1917 (*Pamph. L., p.* 771) to section 4 of "An act respecting the fees of surrogates, county clerks and county registers of deeds and mortgages in counties of the first class and providing salaries for such officers" (*Pamph. L.* 1898, *p.* 226) and the supplement thereto (*Pamph. L.* 1917, *p.* 772), which in effect compel the several incumbents of the enumerated offices to so conduct the business thereof that the expenses of operation shall not be larger than the receipts, embrace but a single object, which is expressed in the title.
3. Article 4, paragraph 7, section 11 of the constitution does not prohibit a decrease in the salary of a public officer during his term, but only the passing of a special or local law which has that effect.

On *mandamus.* Demurrer to return to alternative writ.

Before GUMMERE, CHIEF JUSTICE, and Justice KALISCH.

For the demurrant, *J. Emil Walscheid.*

*Albert C. Wall,* as *amicus curiæ,* was granted leave to file a brief in support of the return.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   McMahon holds the office of register of deeds and mortgages in and for the county of Hudson, having been elected thereto in November, 1914. By force of an act entitled "An act respecting the fees of surrogates, county clerks and county registers of deeds and mortgages in counties of the first class and providing salaries for such officers," approved April 2d, 1898 (*Pamph. L., p.* 226), this office carries with it an annual salary of $7,500, to be paid in equal monthly installments in full compensation for all services rendered by the incumbent and in lieu of all fees and other compensation whatsoever theretofore provided or allowed by law.   The act also authorizes these officers to employ the necessary deputies and assistants, and directs that these employes shall receive such compensation as shall be approved by the board of freeholders, and shall be paid monthly by the proper disbursing officer of the county.   These recited provisions appear in section 4 of the statute.   Another provision of the statute requires the payment by the various officers affected by the act of all fees, costs, allowances, percentages and other perquisites of whatever kind which should be received by them, into the county treasury for the sole use of the county.

In 1917 section 4 was amended by adding thereto the following provision: "That the said salaries, together with the compensation of the aforesaid deputies and assistants for said offices, respectively, shall not in any year exceed the revenue of said offices."   This amendment was approved March 29th (*Pamph. L., p.* 771).   On the same day a supple-

ment to the original act was approved which provided that the "moneys received by the county collector from the surrogates, county clerks and registers of deeds and mortgages, or by any assistant or other person in their office or employment, in counties of the first class in this state, pursuant to the act to which this act is a supplement, shall be placed in separate funds to the credit of the respective offices from which said moneys were received, and out of which said funds the salaries of the said surrogates, county clerks, and said registers of deeds and mortgages, and the compensation of the deputies and assistants for said officers shall be paid, and any surplus thereafter remaining shall be retained in said funds for the use of, and until disposed of by, the boards of chosen freeholders of the respective counties, according to law." *Pamph. L., p.* 772.

On the 1st of December, 1917, there became due, under the provision of the act of 1898, to Mr. McMahon as register of Hudson county, the installment of salary for the month of November, 1917, amounting to $625. Payment of this installment was demanded by him from the county collector and the board of chosen freeholders, but his demand was refused upon the ground that there were no funds in the special account with which to pay him. McMahon thereupon applied to this court for a *mandamus* compelling such payment. An alternative writ having been allowed, the defendants made return setting up as a defence lack of funds in the special account created by the supplement of 1917 with which to pay the installment. The relator demurred; and the sole question submitted to us on the argument was whether such lack of funds in this account at the time the demand was made constituted a legal excuse for the refusal to pay the installment of salary.

Counsel for McMahon contends that both the amendment and the supplement to the act of 1898 are void because in conflict with the constitution of the state. He further argues that if this contention is not sound, the payment was improperly refused "because no full year has yet expired since the said amendment and supplement went into effect, and it

is therefore impossible to judge whether the limitations placed upon the register's salary by the enactment of 1917 will prevent the payment of the full salary to the register."

The first attack made upon the constitutionality of these statutory provisions is that the original act is, by its title, confined to the fees of the designated officers, and the salaries to be paid such officers, and that provisions in the amendment and supplement looking to the operation of these offices, the employment of the necessary assistants, and the compensation to be paid to them, as well as the specific funds out of which such payments are to be made, violate that provision of our state constitution which provides that every statute shall embrace but one object, which object shall be expressed in the title.

Counsel is clearly in error in asserting that power was granted to sheriffs, county clerks and county registers, in counties of the first class, to employ deputies and assistants, by the amendment of 1917. That power was granted by the original act of 1898, as is shown by the recitals therefrom already set forth. So, too, the provision relating to the compensation of such employes is contained in the primary statute. This, however, seems not important, for in determining whether an amendment or a supplement to an existing statute violates constitutional provisions, the amendment or supplement is not to be examined as an independent enactment, but is to be considered in connection with, and as a part of, the statute upon which it is engrafted; and if the amendment, or the supplement, does not operate to render the statute, in its altered form, unconstitutional, it is valid legislation. *Central R. R. Co.* v. *State Board of Assessors,* 75 *N. J. L.* 771.

Looking at the legislation now under consideration, in its present shape, the fundamental purpose exhibited therein is to compel the several incumbents of the enumerated offices to so conduct the business thereof that the expenses of operation shall not be larger than the receipts; in other words, that the compensation paid to the incumbent and his subordinates shall not exceed the fees and emoluments paid in to him. What the causes were which brought about the enactment

we do not judicially know; although it seems quite probable that the legislature was unable to perceive any good reason why the receipts of these designated offices, which, ever since the adoption of the constitution of 1844, and up to 1898, had been ample to meet all expenditures, and to fully compensate the incumbents as well (for it is not publicly known that any of the incumbents during that period were unwillingly forced into offices which they did not desire to hold because of the lack of compensation) should suddenly, after the adoption of the act of 1898, become insufficient for the purpose. Certainly a change in the amount of the business does not explain it; for as the volume of business increases, the amount of the receipts increases correspondingly, and when the volume decreases, necessary expenses decrease in a like proportion.

This is not a matter, however, with which we are concerned. The question before us is whether the legislative purpose is expressed in the title of the act, and whether it is single. The title has already been recited. It declares that the legislation relates to the fees of certain enumerated officers in first class counties. The words in the last clause of the title "and providing salaries for such officers" neither indicate an additional purpose, nor do they limit or expand that already expressed. The salary of the incumbent, and the compensation to be paid to his assistants, are not foreign to the object expressed in the words "an act respecting the fees of," &c., for it is expressly declared in the body of the act that these fees are to be paid into the county treasury, there to be kept in a separate fund, and to be applied from time to time (as may be necessary) to the payment of the specified expenses. On the contrary, they are manifestly cognate to it, and, therefore, were not required to be expressly mentioned in the title. *Quigley* v. *Lehigh Valley R. R. Co.*, 80 *N. J. L.* 486, 492, and cases cited.

It may be, as counsel contends, that the provision in the body of the act conferring upon the incumbents power to appoint deputies and assistants is not expressed in the title. But this is unimportant. The act merely affirms the existence of a power that had already been granted by earlier statutes, and its excision would still leave the legislation intact.

Except in the respect just indicated, the legislation, as it now stands, embraces a single object, and that object is expressed in the title. The relator, therefore, can take nothing by this particular attack upon its constitutionality.

It is further argued that the amendment and the supplement of 1917 violate that provision of the constitution which forbids the passing of any local or special law regulating the internal affairs of counties. We consider, however, that this question is not an open one. In the case of *Board of Freeholders of Hudson County* v. *Clarke,* 65 *N. J. L.* 271, the Court of Errors and Appeals declared that the statute of 1898 properly classified counties having a population exceeding one hundred and fifty thousand, viz., Hudson and Essex, for the purpose of regulating their internal affairs, and that the fact that the statute applied to these two counties only did not constitute it a local or special law. It being settled, then, that an act which provides for the payment of salaries of certain specified officers in counties of the first class, and the employment of the necessary assistants to transact the business of their offices, and the payment of such assistants for their services, is general in its character, it necessarily follows, we think, that legislation placing a limitation upon the expenditures to be incurred in the running of such offices, and creating a fund out of which those expenses shall be paid, is also general.

It is further argued that the act violates the constitutional provision which prohibits the passing of any special or local law decreasing the percentage or allowance of public officers during the term for which said public officers were elected or appointed. (Article 4, paragraph 7, section 11 of the constitution.) What we have already said is dispositive of this contention, for the constitution does not prohibit a decrease in the salary of a public officer during his term, but only the passing of a special or local law which has that effect. The present legislation being, as we have already declared, general, and not special, the constitutional provision relied on has not been disregarded thereby. We may add that we are not able to appreciate the contention that the effect of this legislation is

to decrease the salary of Mr. McMahon. His salary remains intact. He is only required to so operate his office that the expenses incurred therefor shall be kept within the fund appropriated to meet them.

The last contention made on behalf of the relator is that the defendants have no right to withhold the payment of the salary due on the 1st of December, 1917, "because they could not determine whether or not the salary of such register, together with the compensation of his deputies and assistants, would exceed the revenues of his office for a year." This proposition seems to us a conspicuous *non sequitur*. The sole fact to be ascertained by the fiscal officers of the county, when the demand for payment was made on December 1st, was whether there was then in the separate fund placed to the credit of the office of the register of deeds of the county, sufficient money to make the payment. If there was not, then such payment could not be made without violating the supplement of 1917, which, by necessary implication, forbids the payment of the salary of the register out of any funds or moneys of the county except the separate fund which is to be created by the reception of the fees and other emoluments paid into the register's office. If there are not sufficient moneys in the fund at the time when payment is demanded, then such payment cannot be presently made. Whether or not it can be made later will depend upon whether or not, at the end of the annual period for which the register is to be paid (or at any earlier date), there are sufficient moneys in the special fund to meet the demand of the register.

We conclude for the reasons stated that the demurrer should be overruled, and that judgment should be entered for the defendants.